**RIO PROPERTIES, INC.,**
Plaintiff–Appellee,

v.

**ARMSTRONG HIRSCH JACKOWAY TYERMAN & WERTHEIMER,**
Defendant,

and

**Stewart Annoyances, Ltd.; Roderick Stewart, Defendants–Appellants.**

No. 06–15726.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Nov. 14, 2007.

Kristina Pickering, Esq., Morris Pickering & Peterson, Las Vegas, NV, for Plaintiff–Appellee.

Louis R. Miller, Esq., Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, John H. Mowbray, Morse & Mowbray, Las Vegas, NV, for Defendant.

Louis R. Miller, Esq., John H. Mowbray, Elizabeth G. Chilton, Esq., Christensen Glaser Fink Jacobs Weil & Shapiro, LLP, Louis R. Miller, Esq. Miller Barondess, LLP Los Angeles, CA, for Defendants–Appellants.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

## MEMORANDUM *

Roderick Stewart and his company, Stewart Annoyances, Ltd. (collectively, "Stewart"), appeal the district court's entry of judgment against Stewart following a jury verdict in favor of Rio Properties ("Rio"). Because the parties are familiar with the factual and procedural history, we will not recount it here. At issue is whether the district court erred by inviting the jury to decide whether the parties had entered into a contract for the December 30, 2000 concert. We hold that it did, and we reverse the judgment of the district court.

Stewart first contends that the district court violated our mandate by submitting the theory to the jury. In our memorandum opinion resolving Stewart's first appeal following summary judgment, we held

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

only that "the district court abused its discretion in refusing to admit Stewart's extrinsic evidence related to the applicability of the force majeure clause and the inapplicability of Paragraph D(18)." Although the memorandum did use the term "contract," at no point did Stewart's original appeal ever present the issue of whether the agreement between Stewart and Rio was a valid contract, nor did we decide that issue either explicitly or by implication. *See Liberty Mut. Ins. Co. v. Equal Employment Opportunity Comm'n,* 691 F.2d 438, 441–42 (9th Cir.1982) (holding that when this court's disposition was "completely silent" as to an issue, this silence did not act as an "implicit denial," but left the matter "open for consideration by the district court on remand"). Therefore, under the facts of this case, the rule of the mandate did not preclude the district court from placing validity of the contract before the jury. For the same reason, we decline to apply the prudential doctrine of law of the case as a bar to the introduction of the theory.

However, the theory of absence of contract formation was not identified or preserved in the pre-trial order. "We have consistently held that issues not preserved in the pretrial order have been eliminated from the action." *Southern California Retail Clerks Union and Food Employers Joint Pension Fund v. Bjorklund,* 728 F.2d 1262, 1264 (9th Cir.1984) (citing *United States v. Joyce,* 511 F.2d 1127, 1130 n. 1 (9th Cir.1975)). The district court has the power, of course, to modify the pretrial order "to prevent manifest injustice." *Id.* (quoting Fed.R.Civ.P. 16(e)). However, no formal modification was entered by the court, nor did the court make findings. Given these circumstances, it was error for the district court to submit the contract

formation theory *sua sponte* to the jury—particularly in the form of a jury verdict form.

Stewart contends that we should direct entry of judgment in Stewart's favor because the jury returned unsigned the verdict form containing Rio's claim of contract breach. However, given the jury's determination that no contract was formed, we cannot conclude that the jury intended by returning an unsigned form to make a finding on the merits of Stewart's contract defenses.

For these reasons, we reverse the judgment of the district court and remand for a new trial on the merits.

**REVERSED AND REMANDED.**